IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| ALBERTA FLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:03cv608-T |
| ELMORE COUNTY BOARD OF | ) | (WO) |
| EDUCATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This cause of action is before the court on the plaintiff's objections to the defendants' bill of costs. The defendants have submitted costs totaling $2,261.02. The majority of those costs ($2,054.60) was for depositions. The defendants took one deposition--that of the plaintiff-- and purchased copies of the nine depositions taken by the plaintiff. Copies of these bills were provided to the court. The remaining costs of $206.42 are for obtaining copies of the plaintiff's bankruptcy petitions from the bankruptcy court and for reproducing copies of the motions

for summary judgment, and these bills have also been submitted to the court.

Pursuant to Fed. R. Civ. P. 56(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.... Such costs may be taxed by the clerk on one day's notice.  On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."  Costs in the amount of $2,261.02  were taxed against the plaintiff on June 10, 2004, and the plaintiff filed, within five business days, an objection.  Each of her arguments will be addressed in turn.

The plaintiff first points out that "the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute," Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235, 85 S.Ct. 411, 416 (1964); however the defendants' costs are specifically allowed by statute.

28 U.S.C.A. § 1920(2) provides that a "judge or clerk of any court of the United States may tax as costs ... [f]ees

2

of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." "Taxation of deposition costs is authorized by § 1920(2)."  U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).  Yet "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." Id. (quoting Goodwall Const. Co. v. Beers Const. Co., 824 F.Supp. 1044, 1066 (N.D. Ga. 1992)).  The court must therefore determine whether the costs were necessarily obtained for this case.  Id.

Each of the deposition transcripts copied by the defendants was for an individual listed on the plaintiff's witness list.  "Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the plaintiff might need the deposition transcripts to cross-examine the witnesses and that 'the information those people had on the subject matter of this suit was not so irrelevant or so

3

unimportant that their depositions were outside the bound of discovery.'" Id. at 621 (quoting Independence Tube Corp. v. Copperweld Corp., 543 F.Supp. 706, 718 (N.D. Ill. 1982)) (citation omitted).  In addition, it seems self-evident that the defendants' deposition of the plaintiff was not merely "for convenience."

28 U.S.C.A. §§ 1920(3) and (4) provide that a "A judge or clerk of any court of the United States may tax as costs ... (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case."  "[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue."  U.S. E.E.O.C., 213 F.3d at 623.

The defendants argue that costs of $206.42 should be taxed to the plaintiff.  These costs were incurred in order to obtain from the bankruptcy court copies of the plaintiff's bankruptcy petitions, which were included in the

defendants' motion for summary judgment and in order to provide copies of the motion and exhibits to the court and opposing counsel.  It would have been reasonable for the defendants to assume that costs related to producing exhibits for their briefs as well as expenses related to serving documents upon the court and opposing counsel were necessary.

Finally, the plaintiff argues that the disparity in economic resources between herself and the defendants as well as the good faith in which her civil-rights suit was brought should persuade the court not to tax costs against her.  She asserts that "an award of costs to the defendant will only serve to discourage persons of limited resources from pursuing civil remedies in federal court for legitimate and meritorious claims of civil rights deprivations." Plaintiff's Objections to Defendants' Bill of Costs (doc. no. 54), at p. 3.  The Eleventh Circuit, however, has clearly stated that "when awarding costs a district court should not consider the relative wealth of the parties.

5

Comparing the financial resources of the parties would unduly prejudice parties with assets and undermine 'the presumption that Rule 54(d)(1) creates in prevailing parties' favor, and ... the foundation of the legal system that justice is administered to all equally, regardless of wealth or status.'" Chapman v. AI Transport, 229 F.3d 1012, 1039 (11th Cir. 2000) (quoting Cherry v. Champion Int'l Corp., 186 F.3d 442, 448 (4th Cir. 1999)). Moreover, the plaintiff offers no valid precedent for her assertion that her sincere belief in her cause of action together with the nature of the suit--a civil rights action--justifies the defendants' bearing of their own costs. Regardless of the purity of the plaintiff's motives, her claims were summarily dismissed. While it is true that "civil rights litigation is seen 'as very undesirable because it stigmatizes an attorney as a "civil rights lawyer" and thus tends to deter fee-paying clients, particularly high-paying commercial clients, from seeking assistance from that lawyer,'" Medders v. Autauga County Bd. of Educ., 858 F.Supp. 1118, 1128 (M.D.

Ala. 1994) (quoting <u>Stokes v. City of Montgomery</u>, 706 F.Supp. 811, 815 (M.D. Ala. 1988)), this court sees no valid ground for carving out exceptions from cost-shifting statutes for lawyers based on their chosen field of practice.  It is unconvincing to argue that a lawyer should receive perquisites for bringing an action that is summarily dismissed simply because he has invoked certain statutes.

Accordingly, it is ORDERED as follows:

(1) The plaintiff's objections to defendants' bill of costs (doc. no. 54) are overruled.

(2) Costs in the amount of $2,261.02 are taxed against plaintiff.

DONE, this the 3rd day of May, 2005.

                                    <u>/s/ Myron H. Thompson</u>
                                    **UNITED STATES DISTRICT JUDGE**